

**FILED**
VANESSA L. ARMSTRONG, CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MAR 2 1 2018

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES OF AMERICA

v.

**BRYAN T. LOCKE**

INDICTMENT

NO.  3:18-cr-24-JHM

18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 1343
28 U.S.C. § 2461

The Grand Jury charges:

COUNTS 1-3
(Wire Fraud)

1.     In or around January 2013, the exact date being unknown, to on or about February 22, 2017, in the Western District of Kentucky, Jefferson County, Kentucky, and elsewhere, the defendant, **BRYAN T. LOCKE**, devised and intended to devise a scheme to defraud an insurance company ("the company") and to obtain property belonging to the company by means of materially false and fraudulent pretenses and promises, knowing that such pretenses and promises were false when made, and for the purpose of executing said scheme, did knowingly transmit and cause to be transmitted wire communications in interstate commerce.  The following paragraphs set forth the scheme to defraud.

2.     From on or about August 1, 2007, through on or about February 22, 2017, **BRYAN T. LOCKE** was employed as the Chief Financial Officer at the company.  As Chief Financial Officer, **BRYAN T. LOCKE** had access to and/or control over bank and credit card accounts,

payroll, and approval of expenses reports, such as payments on credit card statements.  As part of his scheme to defraud, **BRYAN T. LOCKE** exceeded his authority by charging personal expenses to his company-issued American Express credit card and approving company payment of the expenses.  As further part of his scheme to defraud, **BRYAN T. LOCKE** opened up an unauthorized corporate Chase Bank credit card in the name of the company, and used it for personal expenses, that were then paid for by the company.  As further part of his scheme to defraud, in or around February 2017, **BRYAN T. LOCKE** instructed the company's payroll processor to issue him an unauthorized $60,000 bonus.

      3.     On or about the following dates, in the Western District of Kentucky and elsewhere, for the purpose of executing and attempting to execute the above-described scheme to defraud, **BRYAN T. LOCKE** did knowingly transmit and cause to be transmitted, by means of wire in interstate commerce, writings, signs, signals, pictures, or sounds, as described in the chart below.

| COUNT NO. | DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | on or about March 24, 2015 | **BRYAN T. LOCKE** knowingly caused $11,891.73 to be transferred a PNC bank account ending in 6712, which generated an interstate wire transaction from the Western District of Kentucky to servers outside Kentucky |
| 2 | on or about September 23, 2015 | **BRYAN T. LOCKE** knowingly caused $5,207.74 to be transferred a PNC bank account ending in 6712, which generated an interstate wire transaction from the Western District of Kentucky to servers outside Kentucky |
| 3 | on or about February 16, 2017 | **BRYAN T. LOCKE** did knowingly withdraw $84,254.40 in the form of a cashier's check from a PNC bank location in Jefferson County, Kentucky, which generated an interstate wire communication from the Western District of Kentucky to servers outside Kentucky |

In violation of Title 18, United States Code, Section 1343.

## NOTICE OF FORFEITURE

4.      If convicted of a violation of Title 18, United States Code, Section 1343, as alleged in Counts 1 through 3 of this Indictment, the defendant, **BRYAN T. LOCKE**, shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable (directly or indirectly) to such violation.

Pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

A TRUE BILL.

█████████████████████████

FOREPERSON

_Russell M. Coleman_
RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

RMC:AEG:022718

UNITED STATES OF AMERICA v. **BRYAN T. LOCKE**

### P E N A L T I E S

Counts 1-3 (each count):  NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture Notice

### N O T I C E

**ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.**

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due immediately unless the court issues an order requiring payment by a date certain or sets out an installment schedule.  You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court.  18 U.S.C. § 3571, 3572, 3611, 3612

**Failure to pay fine as ordered may subject you to the following**:

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   For offenses occurring after December 12, 1987:

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing.  This rate changes monthly.  Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both.  18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law.  18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

    1.        That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

    2.        Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

| LOUISVILLE: | Clerk, U.S. District Court |
| | 106 Gene Snyder U.S. Courthouse |
| | 601 West Broadway |
| | Louisville, KY  40202 |
| | 502/625-3500 |
| | |
| BOWLING GREEN: | Clerk, U.S. District Court |
| | 120 Federal Building |
| | 241 East Main Street |
| | Bowling Green, KY  42101 |
| | 270/393-2500 |
| | |
| OWENSBORO: | Clerk, U.S. District Court |
| | 126 Federal Building |
| | 423 Frederica |
| | Owensboro, KY  42301 |
| | 270/689-4400 |
| | |
| PADUCAH: | Clerk, U.S. District Court |
| | 127 Federal Building |
| | 501 Broadway |
| | Paducah, KY  42001 |
| | 270/415-6400 |

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No.

# UNITED STATES DISTRICT COURT

Western   District   of   Kentucky
Louisville

## THE UNITED STATES OF AMERICA

vs.

## BRYAN T. LOCKE

## INDICTMENT

**Counts 1-3 – Wire Fraud:**
18 U.S.C. §1343

**Forfeiture**

*A true bill.*

*Foreperson*

*Filed in open court this 21st day of March, 2018.*

**FILED**

VANESSA L. ARMSTRONG, CLERK

MAR 2 1 2018

*Clerk*

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

*Bail, $*